Jess B. Millikan (SB#095540)
Samuel H. Ruby (SB#191091)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail: jess.millikan@bullivant.com
E-mail: samuel.ruby@bullivant.com

*Attorneys for Defendants:*

THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF
    CONNECTICUT
THE ST. PAUL TRAVELERS COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD BERNSTEIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE TRAVELERS INSURANCE COMPANY, et al., <br><br> Defendants. | Case No.: C05-01528 (SBA) <br><br> **ORDER** <br><br> **[Docket No. 15]** <br><br><br> Hearing Date: September 20, 2005 <br> Time:             1:00 p.m. |

– 1 –

ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE/DISMISS

This matter comes before the Court on Defendants' The Travelers Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut, and The St. Paul Travelers Companies, Inc. (collectively "Defendants") consolidated Rule 12 motions against Plaintiffs Ronald and Toni Bernstein, and United Signs, Inc. ("United Signs") (collectively "Plaintiffs").  In this motion Defendants seek: (a) to dismiss certain causes of action pursuant to Fed. R. Civ. P. 12(b)(6); (b) to strike certain allegations pursuant Fed. R. Civ. P. 12(f); and (c) to require a more definite statement pursuant to Fed. R. Civ. P. 12(e).  The Court has considered all of the papers submitted and has heard oral argument.  The Court finds that Defendants' motion to strike should be GRANTED and Defendants' motion to dismiss should be GRANTED with leave to amend.  Defendants' alternative motion for a more definite statement is DENIED as moot.

## BACKGROUND

**A.     Facts[1]**

Plaintiffs Ronald and Toni Bernstein wholly own the California corporation United Signs.  Beginning in March 2001, United Signs' building was damaged by water intrusion and mold.  (First Amended Complaint ("FAC") ¶ 11 et seq.)  As a result, United Signs suspended its operations in the building and vacated the property in June 2001.  (Id. at ¶ 14.)  In May 2001, United Signs gave notice of claim to Defendants for repair costs and business interruption.  (Id. ¶¶ 11-14.)  As of February 2003, Defendants had paid to United Signs at least $376,387 in insurance payments.  (Id. ¶ 24(c).)  However, United Signs asserted it was owed additional monies.  In accordance with the policy between United Signs and Defendants, the parties agreed to an independent appraisal, pursuant to Insurance Code § 2071.  The appraisal award was issued on or about May 3, 2004 and ultimately established that in addition to the monies already paid to United Signs, Plaintiffs were due an additional payment of just under $225,000.  (Id. ¶¶ 26 & 32.)

In December 2001, Harrison Construction, the party Plaintiffs allege is primarily

---

[1] These facts are taken from Plaintiffs' First Amended Complaint.

– 2 –

ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE/DISMISS

responsible for the water damage, brought a lawsuit against Plaintiffs in San Francisco Superior Court. (Id. ¶ 36.) Around that same time, Asbestos Management Group ("AMG") sued Plaintiffs to recover payments allegedly owed for the construction work it performed for Plaintiffs. (Id. ¶ 42.) Plaintiffs refused to pay AMG because the extensive damages AMG caused in its construction exceeded the amount ostensibly due them. (Id.)

In January 2002, Plaintiffs brought an action in San Mateo Superior Court ("the tortfeasor action") against the adjoining landowner and agents they believed responsible for the water damage, and the Harrison Construction suit was eventually transferred to the San Mateo Superior Court. (Id. ¶¶ 29 & 36.) In September 2003, Defendants filed a complaint in intervention in the tortfeasor action, asserting their subrogation rights against Harrison Construction and other tortfeasors. (Id. ¶ 30.) Defendants settled the matter for $200,000. (Id. ¶ 32.) Plaintiffs ultimately recovered against the tortfeasors for their non-covered/non-subrogated damages. (Id. ¶ 33.)

Plaintiffs' policy with Defendants expired in September 2001, and Defendants issued them a short-term policy in exchange for premium payments by Plaintiffs. (Id. ¶ 46.) In August 2003, when Plaintiffs failed to make the required payments, Defendants sued Plaintiffs in San Mateo Superior Court for approximately $7,500 in unpaid insurance premiums. (Id. ¶ 45.) Plaintiffs did nothing in the action and Defendants obtained a default judgment against Plaintiffs in October 2003. (Id. ¶ 47.) In or about November 2004, that matter was finally resolved. (Id.)

**B.     Procedural History**

On February 14, 2005, Plaintiffs filed a complaint against Defendants in Alameda County Superior Court which was then subsequently removed by Defendants to this Court on April 14, 2005 [Docket No. 1.] On May 26, 2005 Plaintiffs filed a First Amended Complaint ("FAC") which alleged, among other things, claims for breach of insurance contract, breach of duty of good faith and fair dealing, negligence, deceit and intentional infliction of emotional distress ("IIED"). (FAC ¶¶ 55-76.) Defendants now move pursuant to Federal Rule of Civil Procedure 12(f) to strike the allegations concerning the Defendants' lawsuit against Plaintiffs on the grounds that they are impertinent and immaterial. Defendants also move pursuant to Federal

– 3 –
ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE/DISMISS

1  Rule of Civil Procedure 12(b) to dismiss the claims for negligence, deceit, and IIED on the
2  grounds that they barred under the statute of limitations, and lack essential elements.

## MOTION TO STRIKE

### Legal Standard

Under Federal Rule of Civil Procedure 12(f) the Court has the discretion to strike a pleading or portions thereof. Federal Sav. and Loan v. Gemini Management, 921 F.2d 241, 243 (9th Cir. 1990). Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinson v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

### Analysis

In their Second Cause of Action, Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing by, among other things, "suing plaintiffs." (FAC ¶ 55.) That allegation relates to an action that Defendants filed to collect an unpaid premium. (Id. ¶¶ 45-48.) Defendants move to strike the allegations concerning the collection action, arguing that as a matter of law, the allegations do not state a cause of action for breach of the implied covenant of good faith in fair dealing.

At oral argument, Plaintiffs' counsel clarified that the allegations regarding the collection action are not intended to state a cause of action, separate and independent from the other acts of bad faith alleged in the FAC. Rather, counsel clarified, they are intended merely as evidentiary allegations regarding Defendants' state of mind. In response, Defendants argue that the allegations are not probative of any relevant state of mind issue.

The Court finds that as mere evidentiary allegations the allegations are inessential to the pleading. Accordingly, the Court GRANTS Defendants' motion to strike the allegations.

1  However, the Court reserves judgment on whether the alleged evidence may be probative of a
2  relevant fact and therefore admissible at trial. The striking of the allegations from the pleading
3  is without prejudice to either side's position regarding the admissibility of the alleged evidence.

4  **MOTION TO DISMISS**

5  **Legal Standard**

6  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be
7  granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of
8  his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For
9  purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff
10 and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S.
11 411, 421 (1969); Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th
12 Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Knievel v.
13 ESPN, 393 F.3d 1068, 1079-80 (9th Cir. 2005).

14 The court does not accept as true unreasonable inferences or conclusory allegations cast
15 in the form of factual allegations. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.
16 1981); see In re Daou Systems, Inc., 411 F.3d 1006, 1013 (9th Cir. 2005) ("[C]onclusory
17 allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to
18 state a claim.") (citations omitted).

19 When a complaint is dismissed for failure to state a claim, "leave to amend should be
20 granted unless the court determines that the allegation of other facts consistent with the
21 challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-
22 Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider factors
23 such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to
24 cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of
25 the proposed amendment." Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir.
26 1989). Of these factors, prejudice to the opposing party is the most important. See Jackson v.
27 Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine
28 Research, Inc., 401 U.S. 321, 330-32 (1971)). Leave to amend is properly denied "where the

amendment would be futile." DeSoto Yellow Freight Sys., 957 F.2d 655, 658 (9th Cir. 1992).

**Analysis**

### A. Third Cause of Action (Negligence) and Fifth Cause of Action (IIED)

Defendants move to dismiss Plaintiffs' Third Cause of Action (Negligence) and Fifth Cause of Action (IIED) on the grounds that they are barred by the statute of limitations. See CCP § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.")

Plaintiffs concede that the claims are facially time-barred but argue that the doctrine of equitable tolling should apply. See Prudential-LMI Commercial Insurance v. Superior Court of San Diego County, 51 Cal.3d 674, 274 Cal.Rptr. 387 (1990). As Defendants point out, however, that doctrine was applied there, and in other cases, only to breach of contract and bad faith claims (i.e., disputes over the payment of policy benefits), not to tort claims. The Court is not persuaded that the doctrine should be extended to tort claims, like Plaintiffs' claims, which seek damages other than policy benefits. Consequently, Plaintiffs' third and fifth causes of action – negligence and intentional infliction of emotional distress, respectively - are time-barred.

Furthermore, with respect to Plaintiffs' third cause of action of negligence, even if it were not time-barred, it would be invalid insofar as it attempts to make a negligence claim out of Defendants' alleged delay in or failure to pay benefits due under the insurance contract. Aas v. Superior Court, 24 Cal. 4th 627, 643, 101 Cal. Rptr. 2d 718, 729 (2000) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations"). Plaintiffs failed both in their briefing and during oral argument to distinguish their case from this rule as set forth by the California Supreme Court or provide this Court with any authority to permit their negligence cause of action to go forward

Consequently, Plaintiffs' Third and Fifth Causes of Action are DISMISSED without leave to amend.

### B. Fourth Cause of Action (Deceit)

Federal Rule of Civil Procedure 9(b) states "[i]n all averments of fraud or mistake, the

– 6 –

1  circumstances constituting fraud or mistake shall be stated with particularity." This heightened

2  particularity requirement if Rule 9(b) requires a party alleging a claim of fraud to plead "the

3  who, what, when, where, and how." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th

4  Cir. 1997). Allegations of fraud must be brought within three years unless tolled for non-

5  discovery. See CCP § 338(d) (the cause of action is not to be deemed to have accrued until the

6  discovery, by the aggrieved party, of the facts constituting the fraud or mistake.) A plaintiff

7  must affirmatively excuse his failure to discover the fraud within the three years in the

8  complaint, including such facts as to time and manner of the discovery. Denholm v. Houghton

9  Mifflin Co., 912 F.2d 357, 362 (9th Cir. 1990).

10  Plaintiffs' fraud cause of action is set forth in its entirety below:

> "Defendants engaged in fraudulent conduct by making misrepresentations to plaintiffs regarding the respective rights and obligations of the parties under the policy and by concealing the true rights and obligations of the parties under the policy. Whereas the policy generally specifies that the insurer must pay indemnity for the cost of repairs (etc.), defendants endeavored to take advantage of their superior bargaining power and the complexities of the policy language to force the insureds to hire repair and remediation contractors of the insurers' choosing to do the work, then to push responsibility for the failure of these same replacement contractors back onto plaintiffs. Plaintiffs allege that defendants represented to plaintiffs (a) that the insured were required under the policy to use contractors selected by the insurer, (b) that the policy did not allow payments for repair services above the amounts estimated by the insurer's contractors and/or that plaintiffs categorically had no right to indemnity beyond the lowest bid available regardless of quality or competency issues, and (c) that the insurer was entitled under the policy to remove and replace contractors, notwithstanding the wishes of the insureds. Defendants subsequently represented to plaintiffs and others, including AMG, that it was plaintiffs (as opposed to defendants) who had "hired" these replacement contractors, including AMG."

22  (FAC ¶ 67.) In defense of their fraud cause of action, Plaintiffs invoke the "delayed discovery"

23  exception to the statute of limitations on fraud claims. Their First Amended Complaint states

24  "despite the exercise of reasonable diligence, [Plaintiffs] did not discover the true facts until not

25  less then [sic] three years prior to the date the above captioned action was filed." (FAC ¶ 69.)

26  The Court finds that the Fourth Cause of Action fails to satisfy the basic pleading

27  requirement of Rule 9(b). While the First Amended Complaint specifies the content of the

28  alleged misrepresentations made by defendants, it does not specify who made them, when they

1  were made, nor whether the misrepresentations were made orally or in writing.  As a result, the
2  allegation is not specific enough "to give defendants notice of the particular misconduct which
3  is alleged to constitute the fraud charged so that they can defend against the charge and not just
4  deny that they have done anything wrong."  <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir.
5  1985).

6      Additionally, the Court finds that Plaintiffs' delayed discovery allegation is similarly
7  lacking in specificity.  Plaintiffs have merely conclusorily stated "[Plaintiffs] did not discover
8  the true facts until not less then [sic] three years prior" to the filing of the complaint.  Plaintiffs
9  have not pled any of the required facts supporting its claim that its discovery of the alleged fraud
10 was delayed, namely "facts as to time and manner of the discovery."  <u>Denholm</u>, 912 F.2d at 362.

11     Consequently, Plaintiffs' Fourth Cause of Action is dismissed, but with leave to amend
12 within 30 days of entry of this order.  Any amendments must cure the deficiencies noted above
13 and plead with sufficient specificity both the fraud cause of action as well as the allegation of
14 delayed discovery of the alleged fraud.

## **MOTION FOR A MORE DEFINITE STATEMENT**

17     In the alternative to dismissal of Plaintiffs' Fourth Cause of Action, defendants seek to
18 require a more definite statement of the claim.  In view of the Court's dismissal of this cause of
19 action with leave to amend, defendants' alternative request for relief is denied as moot.

21     IT IS SO ORDERED.

24     Date: October 17, 2005                  _Saundra B. Armstrong_
25                                         SAUNDRA BROWN ARMSTRONG
26                                         United States District Court Judge